# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 2:10-CR-00118-RLH-PAL |
| Plaintiff, ) | **O R D E R** |
| vs. ) | (Motion to Vacate–#45) |
| CLIFFORD JAMES SCHUETT, ) | (Motion to Dismiss Motion–#61) |
| Defendant. ) | |

Before the Court is Defendant Schuett's **Motion to Vacate under 28 U.S.C. §2255** (#45, filed December 13, 2012). The Court ordered the United States to file a Response within forty-five days from December 14, 2012. Schuett filed a Reply to Response (#60, filed January 24, 2013) before any Response was filed. The Government's "Response" was a **Motion to Dismiss Defendant's 28 U.S.C. §2255 Motion** (#61, filed January 25, 2013), seeking dismissal Defendant's §2255 Motion because it violated the one-year statute of limitations for such motions pursuant to §2255(f). It then asks for an additional 30 days to respond to the motion if its Motion to Dismiss is denied. Finally, Defendant filed an Amended Reply (#62, filed February 6, 2013).

The Government's Motion to Dismiss Defendant's Motion is not the preferred way to respond to a motion. However, the point raised in the Government's Motion to Dismiss Defendant's Motion is well taken. Accordingly, the Court will treat the Government's Motion as an opposition to Defendant's Motion. Defendant's Amended Reply, coming twelve days after the Government's Motion will be treated both as a response to the Government's Motion and a Reply by Defendant to the Government's opposition to his Motion.

AO 72
(Rev. 8/82)

The Court would have preferred Defendant to wait for the Government's opposition before filing his reply, and would have preferred the Government to have simply filed a response to Defendant's Motion (seeking denial of the motion) rather than confusing the docket with a motion to dismiss a motion, which just begins another round of oppositions and replies.

Defendant's Motion to Vacate will be denied for two reasons.

First, the Defendant's Motion is not really a request to vacate or modify his sentence. Rather, he requests the Court to order the Bureau of Prisons to permit him to serve his last six months in a re-entry facility. This Court does not have authority to do that. It can direct the Probation Office to place him in a re-entry facility after his release and as part of his supervised release conditions, but that is not what Defendant requests.

Second, Defendant's Motion to Vacate is untimely and violates the one-year statute of limitations contained in §2255(f). Subsections (2-4) of Section 2255(f) are not applicable. However, Subsection (1) states that the one year period begins to run on the date on which the judgment of conviction becomes final. In this case, the Ninth Circuit affirmed Schuett's conviction on February 25, 2011. It became final 90 days later, on May 26, 2011. The statute of limitations commenced running on that date and expired one year later, on May 26, 2012. Defendant did not file his 28 U.S.C. §2255 motion until December 13, 2012, nearly seven months after the time limitation period expired.

IT IS THEREFORE ORDERED that Defendant Schuett's **Motion to Vacate under 28 U.S.C. §2255** (#45) is denied.

IT IS FURTHER ORDERED that the United States' **Motion to Dismiss Defendant's 28 U.S.C. §2255 Motion** (#61) is denied as moot.

Dated: February 12, 2013

_____
Roger L. Hunt
United States District Judge